# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
SINIDU ROBI and                           *
YILAK KEBEBEW, legal                      *
representatives of a minor child,         *
DAGIM YILAK,                              *   No. 12-352V
                                          *   Special Master Christian J. Moran
              Petitioners,                *
                                          *
v.                                        *   Filed: July 1, 2014
                                          *
SECRETARY OF HEALTH                       *   Decision on the record;
AND HUMAN SERVICES,                       *   insufficient proof of causation;
                                          *   Table encephalopathy; seizure
                                          *   disorder; infantile spasms.
              Respondent.                 *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Simina Vourlis, Law Offices of Simina Vourlis, Columbus, OH, for petitioner;
Jennifer L. Reynaud, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Sinidu Robi and Yilak Kebebew filed a petition for compensation under the National Childhood Vaccine Injury Compensation Program (the "Vaccine Act" or "Program"), 42 U.S.C. § 300aa-10 through 34 (2006), alleging that their son, Dagim, received the combined diphtheria-tetanus-acellular pertussis/ haemophilus influenzae type B/ inactivated polio ("DTaP-HIB-IPV"), hepatitis B, Prevnar pneumococcal 7-valent conjugate and rotavirus vaccines on June 18, 2009.  The

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

petition proposed two causes of action.  First, the petitioners alleged that Dagim suffered an on-Table encephalopathy.  Petition at ¶¶ 3-4, 6-9. Alternatively, petitioners alleged that the vaccines were the cause-in-fact of other injuries, including seizures, infantile spasms with intractable epilepsy, hypertonia, and developmental delays.  Id. at 5.  The information in the record, however, does not show entitlement to an award under the Program.

**I.     Procedural History**

An initial status conference was held on July 17, 2012.  During this conference, the deadline for respondent's Rule 4 report was suspended so petitioners could collect additional medical records.  In support of their petition, petitioners periodically filed several medical records (exhibits 1-13) and affidavits supporting those records (exhibits 14-15), followed by a statement of completion on September 17, 2012.

Respondent filed her report concluding that petitioners failed to fulfill the criteria for a Vaccine Table injury and failed to demonstrate by a preponderance of the evidence that Dagim's seizure disorder was caused by the various vaccines received on June 18, 2009.  Resp't's Rep., filed Nov. 8, 2012, at 14.  With respect to the on-Table claim, respondent argued that no contemporaneously created medical records supported the allegation that Dagim experienced an encephalopathy within the time listed on the Vaccine Injury Table.  Id. at 10.  With respect to petitioners' other claim, respondent argued that petitioners did not establish a medical theory causally connecting the vaccines to Dagim's other injuries.  Id.

A status conference was held on November 20, 2012.  In this conference, petitioners were ordered to file a status report regarding their intentions to pursue the on-Table claim.  Petitioners did file this report, which stated that they would file additional affidavits.  Petitioners filed supplemental affidavits (exhibits 17-19) on January 16, 2013.

A factual hearing was held June 20, 2013, in Columbus, Ohio, where Dagim's mother, father, brother, and aunt testified.  Three of the witnesses testified with the assistance of an interpreter.  On April 4, 2014, Findings of Fact were issued stating that Dagim's excessive eye blinking began on August 10, 2009. Findings of Fact at 8.  This date is 53 days after his June 18, 2009 vaccinations and four days before his next set of vaccinations.

A status conference was held on April 24, 2014, during which petitioners indicated they intended to seek an expert to support their causation-in-fact cause of action.  The petitioners requested 60 days to search for an expert, and, consequently, were ordered to file their expert report by June 25, 2014.  On June 27, 2014, petitioners moved for a decision dismissing their petition.  Petitioners state that although they disagree with the undersigned's finding of fact as to the date of onset, they "have chosen not to pursue further proceedings in the case."  Pet'r's Mot., filed June 27, 2014, at 1-2.  Accordingly, this case is now ready for adjudication.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioners must prove either 1) that Dagim suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).

As indicated above, the April 4, 2014 Findings of Fact credited medical records created in 2009 that indicated that Dagim's neurologic problems began weeks after his June 18, 2009 vaccination.  The Findings of Fact did not accept as persuasive the petitioners' recollections from years later.  The Findings of Fact essentially prevented the petitioners from prevailing upon an on-Table claim.  Thus, petitioners are necessarily pursuing an off-Table / causation-in-fact claim.

Under the Vaccine Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records do not support petitioners' claim, a medical opinion must be offered in support.  However, petitioners have offered no such opinion.

Accordingly, it is clear from the record in this case that petitioners failed to demonstrate either that Dagim suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Marc Langston, at (202) 357-6392.

IT IS SO ORDERED.

<u>S/Christian J. Moran</u>
Christian J. Moran
Special Master
