# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | |
| SINIDU ROBI and * | |
| YILAK KEBEBEW, legal * | |
| representatives of a minor child, * | |
| DAGIM YILAK, * | No. 12-352V |
| * | Special Master Christian J. Moran |
| Petitioners, * | |
| * | |
| v. * | Filed: January 30, 2015 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' fees and costs; award |
| AND HUMAN SERVICES, * | in the amount to which respondent |
| * | does not object. |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

Simina Vourlis, Law Offices of Simina Vourlis, Columbus, OH, for petitioners;
Jennifer L. Reynaud, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On January 27, 2015, petitioners filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioners informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioners' application, respondent raised objections to certain items. Based on subsequent discussions, petitioners amended their

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

application to request $39,119.00, an amount to which respondent does not object. The Court awards this amount.

On June 4, 2012, Sinidu Robi and Yilak Kebebew filed a petition for compensation on behalf of their son, Dagim Yilak, alleging that the combined diphtheria-tetanus-acellular pertussis/ haemophilus influenzae type B/ inactivated polio ("DTaP-HIB-IPV"), hepatitis B, Prevnar pneumococcal 7-valent conjugate and rotavirus vaccines, which Dagim received on June 18, 2009, caused him to suffered an on-Table encephalopathy (Petition at ¶¶ 3-4, 6-9) and the cause-in-fact of other injuries, including seizures, infantile spasms with intractable epilepsy, hypertonia, and developmental delays.  Id. at 5.  Petitioners filed a motion for decision dismissing their petition indicating that their expert was unable to conclude that the vaccinations were a cause-in-fact of Dagim's injuries.  See Pet'rs' Motion for Decision Dismissing Petition, filed June 27, 2014.  In this ruling, compensation was denied.  Decision, dated July 1, 2014.

Even though compensation was denied, petitioners who brings their petition in good faith and who have a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioners gathered and filed medical records, attempted to obtain an expert report, and moved for a decision on the record when further investigation revealed that petitioners were unlike to prove their case.  Thus, because petitioners' counsel acted in good faith and because there was a reasonable basis for proceeding, petitioners are eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioners failed to satisfy these criteria.

Petitioners seek a total of **$39,119.00** in attorneys' fees and costs for their counsel.  Additionally, in compliance with General Order No. 9, petitioners state that they incurred **$350.00** in out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

a. **A lump sum of $39,119.00 in the form of a check made payable to petitioner and petitioner's attorney, Simina Vourlis, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

    **b. A lump sum of $350.00, payable to petitioners, Sinidu Robi and Yilak Kebebew, for costs they incurred in pursuit of her petition.**

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6521.

**IT IS SO ORDERED.**

                                                              s/Christian J. Moran
                                                              Christian J. Moran